# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 16, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CHARLES CONNORS,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1236** (BOR Appeal No. 2047097)
                    (Claim No. 2012003615)

**GMS MINE REPAIR & MAINTENANCE, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Charles Connors, by William Gallagher, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. GMS Mine Repair & Maintenance, Inc., by Sean Harter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 21, 2012, in which the Board affirmed a March 15, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 28, 2011, decision which rejected the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Connors, a coal miner, alleges that he sustained an injury to his right shoulder in the course of his employment on June 14, 2011. In a deposition on October 7, 2011, he testified that he tripped over a large rock and struck his shoulder on either a post jack or a roof support beam. Mr. Connors had a history of right shoulder pain prior to his allegedly work-related injury. An emergency room report dated January 10, 2011, indicates he presented with complaints of right shoulder pain. He reported that he fell down six concrete steps and landed on his right shoulder. He was diagnosed with an acute right acromioclavicular joint sprain. Michael Patterson, M.D., treated Mr. Connors in April of 2011. He noted that that he had been experiencing right shoulder

1

pain for months, there was no known injury or trauma, and the condition appeared to be worsening. On the report of injury, Dr. Patterson indicated that the injury was the result of a non-occupational condition and did not aggravate a prior injury. The employer's report of injury showed that GMS Mine Repair & Maintenance, Inc., questioned the injury. The claims administrator rejected the claim on July 28, 2011. It noted that the alleged injury was not reported until forty-one days after it supposedly occurred.

In his deposition, Mr. Connors testified that he finished his shift the day of the alleged injury but was unable to return to work the following day. He was fired two days after the injury, and he had only worked for GMS Mine Repair & Maintenance, Inc., for approximately three weeks. When he allegedly injured his right shoulder in June of 2011, his supervisor was present, but he did not report a work-related injury at that time. He also failed to report the injury to a physician that treated him two days later.

The Office of Judges affirmed the claims administrator's decision in its March 15, 2012, Order. It found that Dr. Patterson determined that his current injury was due to a non-compensable condition. The Office of Judges found it significant that Mr. Connors was terminated from employment prior to filing the claim. West Virginia Code § 23-4-1c(a)(2)(B) (2009) provides that, for the purpose of determining compensability, the claims administrator shall consider whether the claimant received notice within sixty days of filing a claim that his or her employment position was to be eliminated. Additionally, under West Virginia Code § 23-4-15(a) (2010), the claimant has six months in which to file a claim, however prompt reporting is still essential. The Office of Judges concluded that the passage of time in this case weighed against Mr. Connors. He communicated with two company officials the day after his alleged injury and failed to report an occupational injury during either of those conversations. Lastly, Mr. Connors had a pre-existing right shoulder injury for which he was receiving treatment as late as April of 2011. A treatment note from Advanced Anesthesia Services indicated Mr. Connors had experienced shoulder pain for months and it failed to cite an injury to the shoulder in June of 2011. Consequently, the Office of Judges held that Mr. Connors failed to establish by a preponderance of the evidence that he sustained an injury to his right shoulder in the course of his employment.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its September 21, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. Mr. Connors did not report his allegedly work-related injury until over a month after it supposedly occurred. The record clearly indicates that his right shoulder condition pre-dated his alleged work-related injury. Additionally, he had numerous opportunities to report his work-related injury to his supervisors immediately after it happened, but he chose to report it at a much later date.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   April 16, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II